804 F.2d 678
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Fred PARSONS, Jr., Appellant,
v.
Wayne B. WINEBRENNER, Warden, Appellee.
 No. 86-7086.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 28, 1986.
Decided Nov. 5, 1986.
 
 Fred Parsons, Jr., appellant pro se.
 Nicolette H. Prevost, Office of the Attorney General, for appellee.
 D.Md.
 DISMISSED.
 Before RUSSELL, HALL and PHILLIPS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Fred Parsons, Jr., a Maryland inmate, seeks to appeal the judgment of the district court dismissing as successive his petition for a writ of habeas corpus brought pursuant to 28 U.S.C. Sec. 2254. In his petition Parsons claims that a statement was admitted against him in his 1970 trial as a result of his waiver of his Fifth Amendment right to remain silent, and that this waiver was not knowingly and intelligently made. Parsons brought an identical claim in an earlier federal petition for habeas relief in 1972. The district court reviewing the earlier petition denied Parsons' request for relief on the merits.
 
 
 2
 Rule 9(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides:
 
 
 3
 (b) Successive petitions. A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the prisoner to assert those grounds in a prior petition constituted an abuse of the writ.
 
 
 4
 A petition for habeas relief may be denied based on a prior habeas petition determination if (1) the same ground presented in the subsequent petition was determined adversely to the petitioner in the earlier petition; (2) the prior determination was on the merits; and (3) the ends of justice would not be served by reaching the merits of the subsequent petition. Sanders v. United States, 373 U.S. 1, 18 (1963). Because the claim that Parsons advances in his present petition is identical to the claim presented in his earlier petition; and because the earlier claim was decided adversely to Parsons on the merits; his present claim may be reviewed only if the "ends of justice" would be served by doing so.
 
 
 5
 The Miranda waiver issue was extensively litigated at Parsons' trial. The trial judge made extensive factual findings and concluded that Parsons knowingly, voluntarily, and intelligently relinquished his Miranda rights. Although the underlying facts as found by the state court are entitled to a presumption of correctness under 28 U.S.C. Sec. 2254(d), if they are fairly supported by the record; the ultimate conclusion that the Miranda rights were knowingly, voluntarily, and intelligently relinquished is a question of law. As such, federal courts may give different weight to the facts as found by the state courts and may reach different conclusions after applying the appropriate legal standard. Sumner v. Mata, 455 U.S. 591, 597 (1982).
 
 
 6
 Review of the record in this case, including Parsons' 1972 petition and the transcript of his trial, reveals that Parsons' relinquishment of his Miranda rights was knowingly, voluntarily, and intelligently done. The ends of justice would not be served by entertaining this successive petition and we find no error in the district court's refusal to do so. Accordingly, because the dispositive issues recently have been decided authoritatively, we deny a certificate of probable cause to appeal, dispense with oral argument, and dismiss the appeal.
 
 
 7
 DISMISSED.